George Moschopoulos (SBN 249905)
The Law Office Of
George Moschopoulos, APC
34197 Pacific Coast Hwy., Suite 100
Dana Point, CA 92629
Telephone: (714) 904-1669
Facsimile: (949) 272-0428

Rhonda H. Wills
(*Admitted Pro Hac Vice*)
Wills Law Firm, PLLC
1776 Yorktown, Suite 570
Houston, Texas 77056
Telephone: (713) 528-4455
Facsimile: (713) 528-2047

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| DWAYNE STRICKLAND, ERIC HILLNER, BRIAN RAUTER, WAYNE SHEPHEARD II, and JEFFREY BARNS, Individually and On Behalf of All Others Similarly Situated<br><br>Plaintiffs,<br><br>V.<br><br>ARAMARK UNIFORM & CAREER APPAREL, LLC<br><br>Defendant. | Case No. 2:14-CV-9851 CAS (JEMx)<br><br>**DECLARATION OF RHONDA H. WILLS IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>Date: June 1, 2015<br>Time: 10:00 a.m.<br>Court: Courtroom 5, 2nd Floor<br>Judge: Honorable Christina A. Snyder<br><br>Complaint Filed: December 26, 2014<br>Trial Date: None |

I, Rhonda H. Wills, hereby declare under penalty of perjury pursuant to 28 U.S.C. 1746 that the following is true and correct. I am competent to be a witness in these proceedings, and would testify as follows:

1. I am the founding member of Wills Law Firm, PLLC which specializes in complex, multi-party employment law litigation matters. I submit this Declaration in support of Plaintiffs' Motion for Leave to File First Amended Complaint. A copy of Plaintiffs' [Proposed] First Amended Complaint is attached hereto as Exhibit A.

2. I am counsel for Plaintiffs in this Fair Labor Standards Act overtime matter against Defendant Aramark Uniform & Career Apparel, LLC. This case was originally filed on December 26, 2014. [Doc. 1].

3. Defendant filed an answer to Plaintiffs' Original Complaint on February 27, 2015. [Doc. 16].

4. The Initial Scheduling Conference in this matter is currently set for July 6, 2015, and accordingly, no scheduling order has been entered in this matter to date. [Doc. 19].

5. On March 19, 2015, I along with Defendant's counsel held our Rule 26(f) conference via telephone. During the conference, Defendant's

counsel agreed to produce each of the Plaintiffs' pay records, time records, and some personnel information.

6. To date, Plaintiffs' counsel have not served Defendant's counsel with any formal written discovery requests. Likewise, Plaintiffs' counsel have not received any formal discovery requests from Defendant's counsel. No depositions have been taken in this matter.

7. On April 6, 2015, I received from Defendant each of the Plaintiffs' pay records, time records, and personnel files. I immediately began reviewing the documents. On April 23, 2015, Defendant provided some additional records for one of the Plaintiffs.

8. In reviewing the Plaintiffs' personnel information, there were documents indicating that each of the Plaintiffs held the same two different job positions during their employment with Defendant: (1) a non-exempt Route Support Sales Representative ("Route Support") position where the Plaintiffs were entitled to receive overtime compensation; and (2) an exempt Route Sales Representative ("RSR") position where the Plaintiffs were misclassified as exempt from overtime compensation.

9. At the time of the filing of Plaintiffs' Original Complaint, Plaintiffs' counsel were unaware that Defendant had initially classified Plaintiffs as non-exempt employees under a different job title.

10. The documents produced by Defendant also evidenced an automatic 30-minute meal break deduction from Plaintiffs' pay.

11. Upon receipt of the documents from Defendant's counsel, we further promptly investigated the facts presented by the records provided.

12. On April 15, 2015, I conferred with Defendant's counsel regarding unknown compensation codes on the Plaintiffs' pay records. During this conference, I advised Defendant's counsel that we intended to amend the Plaintiffs' Original Complaint to include off-the-clock FLSA overtime claims with respect to the Plaintiffs' Route Support position.

13. On April 30, 2015, I again conferred with counsel regarding Plaintiffs' proposed amendments to the complaint. Defendant's counsel indicated that he wanted to review Plaintiffs' [Proposed] First Amended Complaint, and he could not determine whether he was opposed or unopposed to the amendment without reviewing the [Proposed] First Amended Complaint.

14. On April 30, 2015, my office e-mailed a draft of Plaintiffs' [Proposed] First Amended Complaint to Defendant's counsel. I have not had

any further communication with or received any response from Defendant's counsel since sending the draft.

15. A copy of the Plaintiffs' [Proposed] First Amended Complaint is attached hereto as Exhibit A.

16. The proposed amended complaint adds claims on behalf of Plaintiffs and a class of non-exempt Aramark employees, Route Supports, alleging off-the-clock FLSA overtime claims, including automatically deducted 30 minute meal breaks.

Dated: May 1, 2015

*/s/ Rhonda H. Wills*
Rhonda H. Wills

Declaration of Rhonda H. Wills ISO Plaintiffs'
Motion For Leave to File First Amended Complaint
Case No. 2:14-cv-09851 CAS (JEMx)
Page -5