| | |
|---|---|
| DWAYNE STRICKLAND, ERIC HILLNER, BRIAN RAUTER, WAYNE SHEPHEARD II, and JEFFREY BARNES, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> ARAMARK UNIFORM & CAREER APPAREL, LLC, <br><br> Defendant. | ) ) ) ) ) Case No.: 15-cv-7823-DDC-GEB ) ) ) ) ) ) ) ) ) ) |

**DECLARATION OF RHONDA H. WILLS**

Pursuant to 28 U. S. C. § 1746, I state under penalty of perjury that the following is true and correct:

1. My name is Rhonda H. Wills. I am over the age of eighteen years, capable of making this declaration, and fully competent to testify to the matters stated here due to my position, experience, and personal knowledge. I have personal knowledge of facts stated, and they are true.

2. I was retained, along with my law firm (WILLS LAW FIRM, PLLC), by Plaintiffs Jeffrey Barnes and Wayne Shepheard II ("Plaintiffs") to represent them in the above-referenced matter. I am lead counsel on behalf of the Plaintiffs in this matter. I have been assisted in my representation of Plaintiffs by co-counsel from my law firm, Genevieve B. Estrada.

3. I make this declaration in support of the Joint Motion for Approval of Settlement, which is being filed with the Court following Plaintiffs' and Defendant's careful and exhaustive settlement negotiations and the Parties' agreement to resolve the disputed factual and legal issues

on terms set forth in the Parties' Stipulation of Settlement of a Collective Action (the "Stipulation").

**Experience and Qualifications.**

4. I am the founding member and managing partner of WILLS LAW FIRM, PLLC. WILLS LAW FIRM, PLLC is a small firm with only three licensed attorneys, as well as legal assistants and law clerks.

5. I am a 1994 graduate of the University of Texas School of Law, and I have a B.B.A. in International Business from the University of Texas at Austin. I have been licensed to practice in Texas since 1994, and since that time I have been a member of the State Bar of Texas in good standing. I am admitted to practice before all Texas state courts, the Southern District of Texas, the Western District of Texas, the Northern District of Texas, the Fifth Circuit Court of Appeals, and the United States Supreme Court. I am also admitted and licensed to practice law in New York. I have also appeared *pro hac vice* as lead counsel in cases pending in the Southern District of New York, the Northern District of California, the Southern District of California, the Central District of California, the Eastern District of Louisiana, the District of New Jersey, and the District of Kansas.

6. In the past almost 22 years of practicing law, among other things, I have specialized in employment litigation and complex multi-party litigation, including national and statewide class actions and collective actions brought under the Fair Labor Standards Act ("FLSA").

7. Before founding the WILLS LAW FIRM, I practiced at VINSON & ELKINS L.L.P. for almost 8 years following a one-year judicial clerkship with the Supreme Court of Texas as a briefing attorney.

8. While at VINSON & ELKINS, I handled complex class actions representing defendants in various jurisdictions, including Texas, South Carolina, Tennessee, New Jersey, Florida, Alabama, the U.S. Virgin Islands, and Canada. Further, I was a senior member of the litigation team involved in representing an international company in conjunction with a $1 billion class action settlement fund.

9. At the WILLS LAW FIRM, I have focused my practice on representing plaintiffs in nationwide and statewide FLSA collective actions and class actions. I have successfully resolved multiple cases that have been certified by federal courts on a nationwide and statewide basis. Since 2008, I have appeared as lead counsel in more than 50 wage and hour matters in federal and state courts nationwide, including matters that have been certified on a state and/or nationwide basis. I also currently have or have previously had wage and hour matters filed before most of the federal judges in the Southern District of Texas, including Judge Gregg Costa, Judge Lee H. Rosenthal, Judge Nancy F. Atlas, Judge David Hittner, Judge Keith P. Ellison, Judge Vanessa Gilmore, Judge Sim Lake, Judge Melinda Harmon, and Judge Gray Miller, as well as courts in the Western District of Texas, the Northern District of Texas, the Southern District of New York, the Southern District of California, the Northern District of California, the Central District of California, the District of New Jersey, the District of Kansas and the Los Angeles Superior Court.

10. A list of some of the wage and hour matters in which I have served (or am currently serving) as lead counsel includes, but is not limited to, the following:

- *In re Wells Fargo Wage and Hour Employment Practices Litigation (No. III)*, Case No. 4:11-md-2266, MDL in the Southern District of Texas, Houston Division (National/Multi-District FLSA collective action re mortgage loan officers) ($15 million settlement) (J. Miller)

- *Richard, et al., v. ViewPoint Bank, et al.,* Civil Action No. 4:11-cv-00846, In the United States District Court for the Southern District of Texas, Houston Division (FLSA collective action re mortgage loan officers) (confidential settlement) (J. Lake)

- *Salto, et al., v. Ameripro Funding, Inc.,* Civil Action No. 1:11-cv-00289-SS, In the United States District Court for the Western District of Texas, Austin Division (FLSA collective action re mortgage loan officers) (confidential settlement) (J. Sparks)

- *Bethea, et al., v. 360 Mortgage Group, LLP,* Civil Action No. 1:11-cv-921-SS, In the United States District Court for the Western District of Texas, Austin Division (FLSA collective action re mortgage loan officers) (confidential settlement) (J. Sparks)

- *Valladares, et al., v. Priority Home Mortgage, LP, et al.,* Civil Action No. 3:11-cv-00114, In the United States District Court for the Southern District of Texas, Galveston Division (FLSA collective action re mortgage loan officers) (confidential settlement) (J. Hoyt)

- *Mote v. Perry Homes, A Joint Venture, et al.,* Civil Action No. 1:09-cv-00553-LY, In the United States District Court for the Western District of Texas, Austin Division (FLSA collective action re mortgage loan officers) (confidential settlement) (J. Yeakel)

- *Villegas v. Regions Bank, et al.,* Civil Action No. 4:11-cv-00904, In the United States District Court for the Southern District of Texas, Houston Division (FLSA action re mortgage loan officer) (confidential settlement) (J. Rosenthal)

- *Vangelakos, et al. v. Wells Fargo Bank, N.A., et al.,* Civil Action No. 1:13-cv-06574, In the United States District Court for the Southern District of New York (off-the-clock wage and hour violations) (J. Castel)

- *Fernandez, et al. v. Wells Fargo Bank, N.A., et al.,* Civil Action No. 12-cv-7193, In the United States District Court for the Southern District of New York (off-the-clock wage and hour violations) (J. Castel)

- *Scutts, et al. v. Wachovia Corporation, et al.,* Civil Action No. 12-cv7194, In the United States District Court for the Southern District of New York (off-the-clock wage and hour violations) (J. Castel)

- *McNeill, et al., v. Wells Fargo Bank, N.A.,* Civil Action No. 4:11-cv-01400, In the United States District Court for the Southern District of Texas, Houston Division (FLSA violations re Wells Fargo tellers) (confidential settlement) (J. Miller)

- *McNeill, et al., v. Wachovia Corporation, et al.,* Civil Action No. 4:11-cv-01401, In the United States District Court for the Southern District of Texas, Houston Division (FLSA violations re Wachovia tellers) (confidential settlement) (J. Rosenthal)

- *Richardson, et al., v. Wells Fargo Bank, N.A.,* Civil Action No. 4:11-cv-00738, In the United States District Court for the Southern District of Texas, Houston Division (off-the-clock FLSA violations re Wells Fargo personal bankers) (confidential settlement) (J. Atlas)

- *Canela, et al., v. HEB Grocery Company, LP, et al.,* Civil Action No. 1:10-cv-0078-LY, In the United States District Court for the Western District of Texas, Austin Division (conditionally certified FLSA collective action) (confidential settlement) (J. Yeakel)

- *Fructuoso, et al., v. HEB Grocery Company, LP, et al.,* Civil Action No. 1:10-cv-00951-LY, In the United States District Court for the Western District of Texas, Austin Division (FLSA collective action) (confidential settlement) (J. Yeakel)

- *Rueda, et al., v. Tecon Services, Inc.,* Civil Action No. 4:10-cv-04937, In the United States District Court for the Southern District of Texas, Houston Division (conditionally certified FLSA collective action) (confidential settlement) (J. Rosenthal)

- *Gonzalez, et al., v. Ridgewood Landscaping, Inc.,* Civil Action No. 4:09-cv-02992, In the United States District Court for the Southern District of Texas, Houston Division (conditionally certified FLSA collective action) (confidential settlement) (J. Rosenthal)

- *Willis, et al., v. Perry Homes, et al.,* Civil Action No. 1:09-cv-00799-LY, In the United States District Court for the Western District of Texas, Austin Division (conditionally certified FLSA collective action) (confidential settlement) (J. Yeakel)

- *Sandberg, et al., v. Perry Homes, et al.,* Civil Action No. 1:09-cv-00763-LY, In the United States District Court for the Western District of Texas, Austin Division (conditionally certified FLSA collective action) (confidential settlement) (J. Yeakel)

- *Hughes v. The Ryland Group, Inc. et al.,* Civil Action No. 3:11-cv-00203, In the United States District Court for the Southern District of Texas, Galveston Division (confidential settlement) (J. Costa)

- *Gillum, et al., v. Acuity Healthcare, LP,* Civil Action No. 4:11-cv-391, In the United States District Court for the Southern District of Texas, Houston Division (FLSA collection action re healthcare workers) (confidential settlement) (J. Atlas)

- *McCarragher, et al., v. The Ryland Group, Inc. et al.,* Civil Action No. 4:11-cv-00055, In the United States District Court for the Southern District of Texas, Galveston Division (conditionally certified FLSA collective action) (confidential settlement) (J. Costa)

- *Lipnicki, et al., v. Meritage Homes Corporation, et al.,* Civil Action No. 3:11-cv-00605, In the United States District Court for the Southern District of Texas, Galveston Division (conditionally certified FLSA collective action) (confidential settlement) (J. Costa)

- *White-Yeldell v. Lennar Corporation, et al.,* Civil Action No. 4:08-cv-03743, In the United States District Court for the Southern District of Texas, Houston Division (FLSA collective action) (confidential settlement) (J. Gilmore)

- *Carter, et al., v. Lennar Corporation, et al.,* Civil Action No. 4:08-cv-03790, In the United States District Court for the Southern District of Texas, Houston Division (FLSA collective action) (confidential settlement) (J. Atlas)

- *Sam, et al., v. Lennar Corporation, et al.,* Civil Action No. 4:09-cv-00565, In the United States District Court for the Southern District of Texas, Houston Division (FLSA collective action) (confidential settlement) (J. Gilmore)

- *Alvarado, et al., v. Shipley Donut Flour & Supply Co., Inc.,* Civil Action No. 4:08-cv-02111, In the United States District Court for the Southern District of Texas, Houston Division (FLSA collective action) (confidential settlement) (J. Atlas)

- *Ramirez, et al., v. Gigi Huang Restaurant, Ltd, et al.,* Civil Action No. 4:09-cv-02649, In the United States District Court for the Southern District of Texas, Houston Division (FLSA collective action) (confidential settlement) (J. Miller)

- *Switzer, et al., v. Wachovia Corporation, et al.,* Civil Action No. 4:11-cv-01604, In the United States District Court for the Southern District of Texas, Houston Division (FLSA off-the-clock violations re Wachovia financial specialists) (confidential settlement) (J. Atlas)

- *Blake v. Hewlett-Packard Company,* Civil Action No. 4:11-cv-00592, In the United States District Court for the Southern District of Texas, Houston Division (confidential settlement) (J. Harmon)

- *Henry v. JPMorgan Chase & Co., et al.,* Civil Action No. 2:15-cv-03895-PSG-PLA, In the United States District Court for the Central District of California (FLSA collective action) (J. Gutierrez)

- *Gutierrez, et al., v. I. Kunik Company*, Civil Action No. 7:15-cv-00225, In the United States District Court for the Southern District of Texas, McAllen Division, (FLSA collective action) (J. Crane)

- *Crawford, et al., Saks & Company LLC f/n/a Saks & Company*, Civil Action No. 4:14-cv-03665, In the United States District Court for the Southern District of Texas, Houston Division (FLSA collective action) (J. Rosenthal)

- *Ranieri, et al., v. Banco Santander, et al.,* Civil Action No. 2:15-cv-03740-MCA-MAH, In the United States District Court for the District of New Jersey (FLSA collective action) (J. Arleo)

- *Parker, et al., v. Silverleaf Resorts, Inc., et al.,* Civil Action No. 3:14-cv-02075-P, In the United States District Court for the Northern District of Texas, Dallas Division (FLSA collective action) (J. Solis)

- *Pinedo v. Tumi, Inc.,* Civil Action No. 2:15-cv-05520-PSG-MRW, In the United States District Court for the Central District of California (FLSA) (J. Gutierrez)

- *Perez, et al., v. Wells Fargo & Company, et al.,* Civil Action No. 3:14-cv-00989, In the United States District Court for the Northern District of California (Rule 23 wage and hour class action) (J. Hamilton)

**Background of the Litigation.**

11. I began investigation of potential FLSA violations by Aramark Uniform & Career Apparel, LLC ("Defendant" or "Aramark") in December of 2014 after being contacted by Plaintiffs. Subsequently, I filed this lawsuit against Aramark on December 26, 2014 asserting FLSA claims on behalf of Plaintiffs, as well as a putative nationwide class of Route Sales Supports ("RSS") for Defendant, alleging misclassification and seeking unpaid overtime.[1]

12. The Parties have now reached settlement terms that are included in the Parties' Stipulation of Settlement of a Collective Action (the "Stipulation"), which is attached as Exhibit A to the Parties' Joint Motion for Approval of Settlement.

**The Proposed Settlement Is Fair and Reasonable.**

13. The proposed Stipulation provides for a "Maximum Settlement Amount" in the gross amount of $125,643.00 [ONE HUNDRED TWENTY-FIVE THOUSAND AND SIX HUNDRED AND FORTY-THREE DOLLARS], inclusive of all payments to the Collective Class Members, the Class Attorneys' attorneys' fees and litigation expenses and costs, as well as Incentive Payments and all Administrative Costs. Each Participating Plaintiff will receive a proportionate share of the Distribution Amount—meaning the Maximum Settlement Amount of $125,643.00, less the amount of Class Attorneys' Fees and Costs, Administrative Costs, and

---

[1] Former Named Plaintiffs Dwayne Strickland, Eric Hillner and Brian Rauter have been dismissed from this Action and are no longer Plaintiffs.

Collective Class Representatives' Incentive Payments—according to a formula based on the length of each person's individual tenure and compensation.

14. I have been lead counsel in numerous other wage and hour collective action matters. As a result of the extensive analysis conducted by Plaintiffs' counsel in this case and my experience with similar settlements, I believe that this settlement is fair, reasonable and adequate in light of the potential damages and the strengths and potential weaknesses of the case. The settlement makes available significant monetary benefits to the Participating Plaintiffs without increased expenses, the risks of trial and appellate proceedings, and the general uncertainties of litigation.

15. Litigation of the Plaintiffs' claims has been vigorously contested and was resolved only after considerable negotiation and compromise by both parties. In my judgment and experience, in view of the inherent uncertainty, delay, and expense of further proceedings in this case, including additional discovery, trial, and appeals, I believe the Stipulation is in the best interest of the Participating Plaintiffs.

**The Proposed Incentive Payments Are Fair and Reasonable.**

16. The incentive awards requested for Named Plaintiffs Jeffrey Barnes and Wayne Shepheard II are fair and reasonable, in the following amounts: $1,961.12 to be paid to Plaintiff Jeffrey Barnes and $2,103.23 to be paid to Plaintiff Wayne Shepheard II, in recognition of their efforts in coming forward as Collective Class Representatives and as a consideration for their releasing all claims they may have against Defendant.

17. The incentive payment recipients were significantly involved in this case, as evidenced by among other things, assisting in Plaintiffs' counsels' fact investigation, reviewing pleadings and correspondence, contacting potential witnesses, and gathering and interpreting documents related to the defendants' workplace and compensation policies. Based on Plaintiffs'

efforts in coming forward as Collective Class Representatives and as a consideration for their releasing all claims they may have against Defendant, the requested incentive awards are fair and reasonable.

**The Fee and Expenses Request from Plaintiffs' Counsel is Fair and Reasonable.**

18. My law firm, WILLS LAW FIRM, PLLC was retained by Plaintiffs in this matter. As the lead attorney in this matter, I have been assisted by others from my law firm in the prosecution of this matter, including my associate attorney, Genevieve B. Estrada, as well as paralegals and law clerks. A copy of the curriculum vitae ("CV") of Ms. Estrada is appended hereto as Exhibit B. Based on information provided to me, Genevieve B. Estrada graduated *summa cum laude* from Texas Southern University, Thurgood Marshall School of Law in 2013. Ms. Estrada has been licensed to practice law in Texas since November 2013.

19. This matter has required a considerable investment of time and resources by WILLS LAW FIRM, PLLC, which is a small firm with only three licensed attorneys. This matter has at all times been pursued on a fully contingent basis. Plaintiffs' counsel would receive no amount for costs, expenses, or time unless the cases succeeded. To date, Plaintiffs' counsel have not received any compensation or reimbursement for time or expenses incurred in these proceedings. Plaintiffs' counsel have expended substantial time, litigation expenses and costs in litigating this matter. Representation of the Plaintiffs in this case has been ongoing since December of 2014 and has required my firm to forego other work and to advance litigation expenses.

20. Based on my professional experience, WILLS LAW FIRM, PLLC's billing rates are fair and reasonable and are commensurate with hourly rates of lawyers with similar experience handling complex litigation matters.

21. Based on my professional experience, a reasonable rate for my work in this case, for an attorney of similar skill and experience performing similar work in this community is at least $600 per hour. In my experience, equity partners at large firms include individuals with as little as 8 years of experience, as compared to my nearly 22 years of experience. Moreover, though I am with a small firm, I started my career by spending almost 8 years with a large firm (Vinson & Elkins, LLP). The skill required to perform the legal services provided by me is that of a trial attorney employed as a senior equity partner experienced in the development and presentation of a case similar to this matter. The time I spent working on this case was time that I otherwise could have spent earning hourly fees or contingent fees in other matters, or developing additional business. In performing contingent fee work in the past, my firm has earned in certain complex cases, several thousand dollars per hour.

22. Likewise, based on my professional experience, a reasonable hourly rate for my associate, Genevieve B. Estrada, is $300 per hour. Similarly, based on my professional experience, a reasonable rate for law clerk time is $150 per hour and paralegal time is $125 per hour. According to a 2013 Utilization and Compensation Survey Report by the Association of Legal Assistants and Paralegals, even at small firms, average billing rates exceeded $100 per hour.

23. The 2013 *National Law Journal* survey of U.S. law firm billing rates also confirms that WILLS LAW FIRM, PLLC'S rates are reasonable. According to that survey, firms in Texas charge rates comparable to WILLS LAW FIRM'S rates being used in this matter, averaging from $655 for partners and $417 for associates.

24. After the exercise of considerable billing judgment, WILLS LAW FIRM has devoted 121.25 hours of professional time to the prosecution of this matter. Based on the hourly rates regularly charged by my firm, the lodestar value of WILLS LAW FIRM, PLLC'S time is

$41,975.00. WILLS LAW FIRM, PLLC's lodestar is calculated by multiplying its hours worked on this case by the attendant hourly rates. The hours, attendant rates and lodestar for the WILLS LAW FIRM, PLLC in this matter are as follows:

| NAME | RATE | BILLABLE HOURS | LODESTAR |
|---|---|---|---|
| ATTORNEYS: | | | |
| RHONDA H. WILLS (LEAD COUNSEL) | $600 | 42.25 | $25,350.00 |
| GENEVIEVE ESTRADA (ASSOCIATE) | $300 | 36.75 | $11,025.00 |
| LAW CLERKS: | $150 | 12.75 | $1,912.50 |
| PARALEGALS: | $125 | 29.50 | $3,687.50 |
| TOTAL | | 121.25 | $41,975.00 |

25. The lodestar calculations were compiled from time records regularly prepared and maintained by WILLS LAW FIRM in the ordinary course of business. My firm, including myself and Ms. Estrada along with our law clerks and paralegals have performed substantial work on behalf of the Plaintiffs in this case. All of the services performed by WILLS LAW FIRM were reasonably necessary in the prosecution of this action with respect to the advancement of the claims of Plaintiffs. The time reflected therein was reasonable and necessary to the representation of the Plaintiffs in this case, and reasonably expended in advancing their claims. Allocation of work by experience level was also reasonable given the experience level of the attorneys involved and the tasks they performed.

26. WILLS LAW FIRM's billing rates are fair and reasonable, as evidence by the comparable rates charged by plaintiffs' counsel in other significant FLSA collective actions where similar, or even less favorable, results were achieved. For example, as part of the settlement of an FLSA action brought on behalf of some 185,000 non-exempt hourly workers employed by Bank

of America, the court approved attorneys' fees of $18.25 million where plaintiff's lodestar of $16.5 million reflected a blended hourly rate of $488. *In re Bank of America Wage and Hour Employment Litig.,* 2013 WL 6670602, *3 (D. Kan. 2013). In contrast, my firm's blended hourly rate for this proceeding is $346.

27. The schedule attached hereto as Exhibit A is an accurate summary indicating the taxable costs and litigation expenses incurred by WILLS LAW FIRM in this matter for the advancement of the claims of Plaintiffs, which totals $7,632.81. We seek reimbursement of these taxable costs and litigation expenses as reasonable and necessary to the prosecution of Plaintiffs' claims.

28. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: September 1, 2016         _____
                                 Rhonda H. Wills