IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WAYNE SHEPHEARD II, et al.,

        Plaintiffs,

v.

ARAMARK UNIFORM & CAREER
APPAREL, LLC,

        Defendant.

Case No. 15-7823-DDC-GEB

## MEMORANDUM AND ORDER

Plaintiffs Wayne Shepheard II and Jeffrey Barnes, on behalf of themselves and others similarly situated, bring this action against defendant Aramark Uniform & Career Apparel, LLC alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*  This matter comes before the court on the parties' Joint Motion for Approval of Settlement (Doc. 82). For the reasons explained below, the court denies the parties' motion without prejudice.

### I.      Factual Background

Plaintiffs are defendant's former employees.  Doc. 47 at 2.  They worked in positions known as Route Sales Support ("RSS").  *Id.*  Plaintiffs[1] filed this FLSA lawsuit on behalf of themselves and all similarly situated RSS employees of defendant "who worked more than 40 hours per workweek without being paid all overtime compensation owed at any time within the three years prior to the filing of this action."  *Id.* at 7.  Plaintiffs allege that defendant violated the FLSA by deducting 30 minutes from their work time every day for a meal break regardless of whether employees actually took a 30 minute meal break and even though employees instead

---

[1] Five plaintiffs originally filed this FLSA action, but three of them since have filed Stipulations of Dismissal.  *See* Docs. 84, 85, 86.  Plaintiffs Wayne Shepheard II and Jeffrey Barnes are the only remaining named plaintiffs in the case.

worked during the purported meal breaks. *Id.* at 8–9. Plaintiffs also allege that they regularly worked more than 40 hours a week but defendant did not pay them overtime compensation in violation of the FLSA. *Id.* at 11–12. And, plaintiffs assert that defendant violated the FLSA by requiring them to perform "off-the-clock" work for which they were not compensated. *Id.* at 13–15. In their lawsuit, plaintiffs seek to recover unpaid wages and overtime compensation under the FLSA that defendant allegedly owes plaintiffs and similarly situated RSS employees who worked for defendant within three years before they filed this lawsuit. *Id.* at 19

On September 1, 2016, the parties filed a Joint Motion for Approval of Settlement (Doc. 82). In it, the parties ask the court to approve their Stipulation of Settlement of a Collective Action (Doc. 82-1) and enter their Proposed Order Granting Approval of Collective Action Settlement (Doc. 82-1 at 43–45). The proposed order includes the following relief that the parties wish the court to enter: (1) approval of the settlement agreement; (2) certification of the lawsuit as a collective action for settlement purposes only; (3) approval of proposed notice to putative collective action members of the settlement and their rights to opt-in to the settlement; (4) appointment of a claims administrator, class counsel, and class representatives; and (5) an award of attorney's fees, costs and litigation expenses, and incentive payments for the two named plaintiffs. Doc. 82-1 at 43–45.

## II.    Legal Standard

Under the FLSA, an employee may bring a collective action against an employer for unpaid wages or unpaid overtime compensation on the employee's behalf and for other employees "similarly situated." *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1526 (2013) (quoting 29 U.S.C. § 216(b)); *Castaneda v. JBS USA, LLC*, 819 F.3d 1237, 1245 (10th Cir. 2016) (quoting 29 U.S.C. § 216(b)). But an FLSA lawsuit "does not become a 'collective'

action unless other plaintiffs affirmatively opt into the class . . . ." *Cameron-Grant v. Maxim Healthcare Serv., Inc.*, 347 F.3d 1240, 1249 (11th Cir. 2003) (first citing 29 U.S.C. § 216; then citing *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 288 (5th Cir. 1975)). "To become a party, an employee must opt in by 'giv[ing] his consent in writing.'" *Castaneda*, 819 F.3d at 1245 (quoting 29 U.S.C. § 216(b)). "Until such consent is given, 'no person will be bound by or may benefit from judgment.'" *Cameron-Grant*, 347 F.3d at 1249 (quoting *LaChapelle*, 513 F.2d at 288).

"In the absence of any claimant's opting in," an FLSA lawsuit becomes moot when an individual's claim is satisfied because the plaintiff "lack[s] any personal interest in representing others in this action." *Genesis Healthcare Corp.*, 133 S. Ct. at 1529. Indeed, the Supreme Court has recognized that "the FLSA authorizes an aggrieved employee to bring an action on behalf of himself and 'other employees similarly situated,'" but "the mere presence of collective-action allegations in the complaint cannot save the suit from mootness once the individual claim is satisfied." *Id.*

The parties to an FLSA action must present a settlement of those claims to the court for review and ask the court to determine that the settlement is fair and reasonable. *Barbosa v. Nat'l Beef Packing Co., LLC*, No. 12-2311-KHV, 2015 WL 4920292, at *3 (D. Kan. Aug. 18, 2015) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)). "To approve an FLSA settlement, the Court must find that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties concerned." *Id.* (citing *Lynn's Food Stores, Inc.*, 679 F.2d at 1354).

The court may enter a stipulated judgment in an FLSA action "only after scrutinizing the settlement for fairness." *Id.* (citing *Peterson v. Mortg. Sources, Corp.*, No. 08-2660-KHV, 2011

3

WL 3793963, at *4 (D. Kan. Aug. 25, 2011); *see also Tommey v. Computer Scis. Corp.*, No. 11-CV-02214-EFM, 2015 WL 1623025, at *1 (D. Kan. Apr. 13, 2015) (citation omitted). "If the settlement reflects a reasonable compromise over issues such as FLSA coverage or computation of back wages that are actually in dispute, the Court may approve the settlement to promote the policy of encouraging settlement of litigation." *Gambrell v. Weber Carpet, Inc.*, No. 10-2131-KHV, 2012 WL 162403, at *2 (D. Kan. Jan. 19, 2012) (citing *Lynn's Food Stores*, 679 F.2d at 1354).

Also, when parties settle FLSA claims before the court has ruled on final certification, the court must make some final class certification finding before it can approve an FLSA collective action settlement. *Barbosa*, 2015 WL 4920292, at *3 (citing *McCaffrey v. Mortg. Sources, Corp.*, No. 08-2660-KHV, 2011 WL 32436, at *3 (D. Kan. Jan. 5, 2011)).

## III. Analysis

The parties here ask the court to approve their settlement agreement for both the named and putative plaintiffs and dismiss this lawsuit with prejudice before the court has certified the lawsuit as a collective action and before any collective action members have received notice and the opportunity to opt-in to the lawsuit. The parties provide no authority for their proposed settlement procedure. And, indeed, other courts have raised concerns about this approach because: (1) approving the settlement for a named plaintiff would moot the FLSA lawsuit, given the opt-in nature of the collective action, and (2) a named plaintiff has no authority to settle claims for plaintiffs who have not opted-in. *See, e.g.*, *Copeland-Stewart v. New York Life Ins. Co.*, No. 8:15-cv-159-T-23AEP, 2016 WL 231237, at *2 (M.D. Fla. Jan. 19, 2016); *Cerrato v. All. Material Handling, Inc.*, No. WDQ-13-2774, 2014 WL 1779823, at *2 (D. Md. Apr. 30, 2014); *Leigh v. Bottling Grp., LLC*, No. DKC-10-0218, 2011 WL 1231161, at *3–4 (D. Md.

Mar. 29, 2011); *Perez v. Avatar Props., Inc.*, No. 6:07-cv-792-Orl-28DAB, 2008 WL 4853642, at *4 (M.D. Fla. Nov. 6, 2008). Given the persuasive rationale applied in these cases, the court is unwilling to grant the parties' Joint Motion.

Nonetheless, if the parties can direct the court to authority approving the settlement procedure that they propose, the court invites them to refile their motion with appropriate citation to that authority and explain why this case should proceed under their proposed settlement procedure. Alternatively, the parties may file a motion seeking preliminary approval of their collective action settlement. Such a motion should ask the court to: (1) conditionally certify the proposed settlement class; (2) preliminarily approve the proposed settlement; and (3) approve a proposed notice to the putative class members. If the parties submit these materials and the court approves the parties' recommended procedure, it will order the parties to send the approved notice to the putative class members and establish a time period during which putative class members may opt-in to the lawsuit. When that period expires, the parties again may move for final approval of the proposed settlement, the attorney's fee award, and the service awards. *See Copeland-Stewart*, 2016 WL 231237, at *4 (ordering the parties to follow a similar procedure for FLSA collective action settlement approval when the court had not yet certified the lawsuit as a collective action and when the putative collective action members had not yet received notice); *see also Cerrato*, 2014 WL 1779823, at *2 (denying without prejudice the parties motion for approval of an FLSA settlement, ordering the parties to amend and refile their motion as one "requesting conditional certification of the collective class and facilitation of notice of the proposed settlement," and deferring an assessment of the proposed settlement's fairness until "after potential plaintiffs have been given time to opt-in to the suit.").

Two other points deserve the parties' attention.  In their current motion, the parties ask the court to certify a collective action, but they provide no information whether plaintiffs are similarly situated for purposes of collective action certification.  As outlined above, the FLSA provides that an employee may bring a collective action on behalf of other employees who are "similarly situated."  29 U.S.C. § 216(b).  To determine whether plaintiffs are "similarly situated" for purposes of collective action certification, our Circuit has approved a two-step approach that involves:  (1) an initial "notice stage" determination about whether a group of plaintiffs are similarly situated; and (2) a second determination after discovery is complete. *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001).  Under the first step for conditional certification at the notice stage, courts apply a lenient standard that "'require[s] nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan.'"  *Id.* at 1102 (quoting *Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672, 678 (D. Colo. 1997)).  In the second stage, courts apply a stricter standard to determine whether plaintiffs are similarly situated and consider several factors including:  (1) the disparate factual and employment settings of individual plaintiffs; (2) various defenses available to defendant[s] which appear to be individual to each plaintiff; and (3) fairness and procedural considerations."  *Id.* 1102–03.

Because the parties' written submissions provide no information whether plaintiffs are similarly situated under either the lenient or stricter standard, the court could not grant collective action certification on this record.  *See Gambrell*, 2012 WL 162403, at *3 (denying motion to approve FLSA collective action settlement because the parties provided insufficient information for the court to make a final collective action certification); *see also Copeland-Stewart*, 2016 WL 231237, at *2 (denying without prejudice a motion seeking certification of an FLSA collective

action "for settlement purposes only" when "the motion fails to offer any information showing that the typical putative class member is similarly situated to [the named plaintiff]" and thus failed "to meet even the 'fairly lenient' burden" under the initial stage for conditional certification).

The parties' motion also lacks information sufficient for the court to determine whether the proposed incentive award payments are fair and reasonable ones. Our court determines the reasonableness of a requested incentive award by considering whether the proposed award adequately reflects the time that the recipient plaintiff devoted to the lawsuit. *See, e.g., Barbosa*, 2015 WL 4920292, at *6 (rejecting proposed service award of $3,500 to each of two named plaintiffs who spent 24.1 hours and 9.6 hours on the case and concluding instead that $20 per hour for the time plaintiffs spent on the case was a fair and reasonable service award); *Bruner v. Sprint/United Mgmt. Co.*, Nos. 07-2164-KHV, 08-2133-KHV, 08-2149-KHV, 2009 WL 2058762, at *11 (D. Kan. July 14, 2009) (rejecting $10,000 proposed service award to the named plaintiff in an $8.7 million settlement because plaintiff failed to provide specific details about the amount of time she invested in the suit and awarding a $5,000 service award instead).

Here, plaintiffs' counsel asserts that the named plaintiffs "were significantly involved in this case, as evidenced by among other things, assisting in Plaintiffs' counsels'' fact investigation, reviewing pleadings and correspondence, contacting potential witnesses, and gathering and interpreting documents related to the defendants' workplace and compensation policies." Doc. 83 at 8. Although plaintiffs' counsel has described the tasks plaintiffs completed, the motion does not identify the amount of time plaintiffs invested in the case. This information, our court has held, is essential to justify the proposed incentive awards. The parties must include that information to support a proposed incentive award in any future filings.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the parties' Joint Motion for Approval of Settlement (Doc. 82) is denied without prejudice to refiling.

**IT IS FURTHER ORDERED THAT** the parties must notify the Court **on or before November 1, 2016** of their intention either to (1) file a revised motion and supporting documentation in accordance with this Memorandum and Order; or (2) abandon settlement and proceed to litigate this dispute.

**IT IS SO ORDERED.**

**Dated this 5th day of October, 2016, at Topeka, Kansas.**

<u>s/ Daniel D. Crabtree</u>
**Daniel D. Crabtree**
**United States District Judge**